# **EMERGENCY MOTION UNDER CIRCUIT RULE 27-3**

# No. 13-56121

In The United States Court Of Appeals
For The Ninth Circuit

_____

IN RE NYOKA LEE, AND TALALA MSHUJA,
*Appellants,*
v.

CORINTHIAN COLLEGES, INC., DAVID MOORE,
JACK MASSIMINO, AND ERNST & YOUNG LLP,
*Appellees.*

SCOTT D. LEVY; SCOTT D. LEVY & ASSOCIATES P.C.
*Real Parties in Interest*.

1

# CIRCUIT RULE 27-3 CERTIFICATE

1. I hereby certify pursuant to Circuit Rule 27-3 that the contact information for counsel representing all parties in this matter is as follows:

Judge Philip S. Gutierrez
United States District Court
For the Central District of California
Western Division – Los Angeles
312 N. Spring St.
Los Angeles, CA 90012
213-894-1565

Abraham C. Meltzer
AUSA - Office of US Attorney
Federal Building, Room 7516
300 North Los Angeles Street
Los Angeles, CA 90012
213-894-7155
USACAC.Civil@usdoj.gov

Jay Majors
U.S. DEPARTMENT OF JUSTICE
9550
601 D Street NW
Washington, DC 20004
202-307-0264

Thomas D. Mauriello
Mauriello Law Firm APC
1181 Puerta Del Sol, Suite 120
San Clemente, CA 92673
949-542-3555
949-606-9690 (fax)
tomm@maurlaw.com

Blanca F. Young
Achyut Jayant Phadke
Munger Tolles and Olson

560 Mission Street, 27th Floor
San Francisco, CA 90071
415-512-4000
415-512-4077 (fax)
blanca.young@mto.com
achyut.phadke@mto.com

Brad D. Brian
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
213-683-9100
213-687-3702 (fax)
brad.brian@mto.com

Robert B. Hubbell
Ryan W. Borho
Morrison and Foerster LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
213-892-5611
213-892-5454 (fax)
rhubbell@mofo.com
rborho@mofo.com

Ryan George Hassanein
Morrison and Foerster LLP
425 Market Street, 32nd Floor
San Francisco, CA 94105
415-268-7000
415-268-7522 (fax)
rhassanein@mofo.com

    2.    This emergency motion to stay execution of judgment was served on opposing counsel by email at approximately 9:00 p.m. pst via email.

3. The district court issued a writ of execution against Relators' counsel, Scott D. Levy, and his law firm, Scott D. Levy & Associates P.C. shortly after 9:00 a.m. on July 11, 2013.

4. Scott D. Levy, and Scott D. Levy & Associates P.C. are unable to post a bond sufficient to secure the $1.5 million sanctions awarded against them. *See,* Declaration of Scott D. Levy. Under Fed. R. Civ. P. 62, a district court may not order a stay execution of a judgment pending appeal unless the judgment debtor posts a bond in the amount of the judgment. *See, Peacock v. Thomas*, 516 U.S. 349, 359 n.8 (1996). Because Scott D. Levy and Scott D. Levy & Associates P.C. are unable to post a bond, it would be "impracticable" to seek relief in the district court pursuant to Fed. R. App. P. 8(a)(2)(A)(i). Scott D. Levy, and Scott D. Levy & Associates P.C. are therefore relieved of the requirement to first seek a stay of execution of the $1.5 million judgment with the district court by operation of Fed. R. App. P. 8(a)(2)(A)(i).

5. Scott D. Levy, and Scott D. Levy & Associates P.C. will be forced into bankruptcy proceedings if the Court does not immediately order a stay of execution on the $1.5 million judgment, and will be irreparably harmed thereby.

6. Contact was made with the Kilburn Law Firm in Houston, Texas, where Scott D. Levy formerly provided contract legal services, on July 11, 2013, by persons unknown seeking information to garnish the bank accounts and/or other assets of Scott D. Levy and/or Scott D. Levy & Associates P.C. Defendants have already begun to execute on the $1.5 million judgment even though such judgment has not yet been domesticated in the State of Texas where the assets are located.

7. Movants Scott D. Levy and Scott D. Levy & Associates P.C. hereby certify pursuant to Local Rule 27-3 that relief is needed in less than twenty-one (21) days in order to avoid irreparable harm.

By:__/s/  Scott D. Levy_____
            Scott D. Levy

*Attorney for Petitioners*
*Nyoka Lee and Talala Mshuja*

# No. 13-56121

In The United States Court Of Appeals
For The Ninth Circuit

————————

IN RE NYOKA LEE, AND TALALA MSHUJA,
*Appellants,*

v.

CORINTHIAN COLLEGES, INC., DAVID MOORE,
JACK MASSIMINO, AND ERNST & YOUNG LLP,
*Appellees.*

SCOTT D. LEVY; SCOTT D. LEVY & ASSOCIATES P.C.
*Real Parties in Interest*.

————————

On Appeal from the United States District Court
for the Central District of California

————————

**EMERGENCY MOTION UNDER CIRCUIT RULE 27-3
TO STAY EXECUTION OF JUDGEMENT AGAINST COUNSEL
SCOTT D. LEVY, AND SCOTT D. LEVY & ASSOCIATES P.C.
UNDER FED. R. APP. P. 8, AND EXHIBITS 1 - 2**

————————

Scott D. Levy
Law Offices of Scott D. Levy PC
1844 Wheeler Street
Houston, Texas 77004
[Tel.] (713) 528-5409
[Fax] (713) 528-0117
[Email] levy.scott@mac.com

*Attorney for Petitioners
Nyoka Lee and Talala Mshuja*

6

**Emergency Motion**

This morning shortly after 9:00 a.m. (July 11, 2013), the district court issued a writ of execution against Relators' counsel, Scott D. Levy and his firm, Scott D. Levy & Associates P.C. Less than 48 hours ago (July 9, 2013), this Court denied Counsel's Supplemental Petition For Writ of Mandamus to stay execution of the $1.5 million sanction awarded Case No. 13-71796, DKT # 3, until the merits of the underlying lawsuit is decided.

**Prior Ruling Of This Court**

The Court's Order denying Counsel's Supplemental Petition For Writ of Mandamus referred to Fed. R. App. P. 8, and indicated that a request for stay pending appeal should normally first be presented to the district court pursuant to Rule 8.

**Bond is Required Before District Court Can Stay Execution**

Fed. R. Civ. P. 62 governs stay of proceedings to enforce a judgment by a district court. The Supreme Court has held that a district court may only stay execution of a judgment pending appeal upon the posting of a bond, to-wit:

> The district court may only stay execution of the judgment pending the disposition of certain post-trial motions or appeal if the court provides for the security of the judgment creditor.

*Peacock v. Thomas*, 516 U.S. 349, 359 n.8 (1996).

7

**Appellate Court May Stay Proceedings Without a Bond**

Rule 62(g) specifically provides, however, that an appellate court's power to stay proceedings pending appeal is not limited by the requirements that apply to district courts. The bond required for the district court to stay execution of a judgment under Rule 62 does not apply to motions to stay filed in the appellate court.

**"Impracticable" to First Seek Stay from the District Court**

Fed. R. App. P. 8(a)(2)(A)(i) provides that a motion for stay may be made directly to the appellate court where it would be impracticable to first move for a stay in the district court. Scott D. Levy and Scott D. Levy & Associates P.C. are unable to post the bond in an amount sufficient to secure the judgment creditors. Without such a bond, the district court has no authority to issue a stay of execution of the $1.5 million sanctions judgment under Fed. R. Civ. P. 62. Because the district court has no legal authority to stay execution of a judgment pending appeal without requiring the judgment debtor to post an adequate bond, it would be impracticable to first seek a stay of execution in the district court. Fed. R. App. P. 8(a)(2)(A)(i). Therefore, Counsel is relieved of the requirement to first seek a stay of execution of the judgment from the district court as a prerequisite for seeking a stay of execution from this Court.

8

## REASONS FOR GRANTING THE STAY OF EXECUTION

**1.      7th Circuit REVERSED *Leveski v. ITT Educational* on July 8, 2013**

The court below relied on the district court decision in *United States ex rel. Leveski v. ITT Educational Services, Inc. ("Leveski")* as the principal authority for issuing sanctions against Counsel in the instant case.

> Other courts have found sanctionable conduct under § 1927 where an attorney "educates" Relators as to their cause of action. *See U.S. v. ITT Educational Services, Inc.*, No. 1:07-cv-0867-TWP-MJD, 2012 WL 1028794, at *11 (S.D. Ind., 2012) (awarding attorneys' fees and sanctions where Relator "had no idea that ITT may have violated the FCA or that she may have had a plausible lawsuit against her former employer until she was approached and "educated" by [counsel]. Common sense suggests that [Relator] is worlds apart from the type of genuine whistleblower contemplated by the FCA."). Thus, like in *ITT Educational Services*, Relators' counsel pursued this case in bad faith because he manufactured this case by knowingly recruiting Relators who he knew lacked the requisite knowledge of the conduct at issue.

DKT # 275, p. 6 of 13, Sanctions Order, attached as Exhibit "1."

The U.S. Court of Appeals for the Seventh Circuit reversed *Leveski* earlier this week (July 8, 2013), reversing both the dismissal of the case under the False Claims Act public disclosure bar and the award of sanctions against relators' counsel. *See,* Seventh Circuit *Leveski* decision, attached as Exhibit "2."

9

**2.    Time of *Univ. of Phoenix* settlement is Chronologically Impossible**

The district court concluded that Relators' counsel manufactured the lawsuit following the $67 million settlement in the University of Phoenix case, where Relators received a $19 million share of the award. The district court tied the timing of the Phoenix settlement to the filing of the instant lawsuit against Corinthian Colleges, Inc.

> Relator Mshuja admitted that he was "spur[red]" to file this lawsuit because of the settlement reached in the *Hendow* case (involving the University of Phoenix), in which Relators received a $19 million cut of a $67 million settlement. *See Mshuja Depo. Tr.* At 44:4-17. While the Court's inherent powers should be exercised with discretion, in cases where attorneys manufacture lawsuits that are clearly not meritorious in the hopes of extracting a settlement, this type of conduct should be strongly discouraged by the Court.

[DKT # 275, p. 8 of 13, Sanctions Order].

As noted in the supplemental petition for writ of mandamus, the district court's finding is chronologically not possible. The University of Phoenix settled on December 14, 2009. This Corinthian Colleges lawsuit suit was filed two years before the Phoenix settlement, on March 26, 2007.

<u>Declaration of Scott D. Levy</u>

This emergency motion for stay of execution of judgment is further supported by the Declaration of Scott D. Levy.

10

Date: July 11, 2013  Respectfully submitted:

    //  *SDL* //
Scott D. Levy
Law Offices of Scott D. Levy PC
1844 Wheeler Street
Houston, Texas 77004
[Tel.] (713) 528-5409
[Fax] (713) 528-0117
[Email] levy.scott@mac.com

*Attorney for Petitioners*
*Nyoka Lee and Talala Mshuja*