**Appeal No. 13-56121**

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

**UNITED STATES EX REL. NYOKA LEE AND TALALA MSHUJA,**
*Plaintiff,*

and

**SCOTT D. LEVY,**
*Plaintiff - Appellant,*

v.

**CORINTHIAN COLLEGES, INC., AKA SEAL A; ET AL.,**
*Defendants - Appellees.*

On Appeal From the United States District Court
for the Central District of California
The Honorable Philip S. Gutierrez, Judge Presiding
(Case No. 2:07-cv-01984-PSG-MAN)

**APPELLEES' JOINT OPPOSITION TO EMERGENCY MOTION TO
STAY EXECUTION OF JUDGMENT UNDER CIRCUIT RULE 27-3**

MUNGER, TOLLES & OLSON LLP
Blanca F. Young
Achyut J. Phadke
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone: 415.512.4000

*Attorneys for Defendants-Appellees
Corinthian Colleges, Inc., David Moore,
and Jack D. Massimino*

MORRISON & FOERSTER LLP
Robert B. Hubbell
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: 213.892.5200

*Attorneys for Defendant-Appellee
Ernst & Young LLP*

## INTRODUCTION

Defendants-Appellees Corinthian Colleges, Inc., David Moore, Jack D. Massimino ("Corinthian"), and Ernst & Young LLP ("EY") (collectively "Appellees"), submit this joint memorandum in opposition to the Emergency Motion Under Circuit Rule 27-3 To Stay Execution of Judgment ("Appellant's Mot."), filed by Appellant Scott D. Levy, counsel of record for relators Nyoka Lee and Talala Mshuja ("Relators") in this *qui tam* action under the False Claims Act ("FCA"). The judgment of the District Court, which Appellant now seeks to stay, awarded sanctions to the School and EY in the amount of $984,457.50 and $497,804.33, respectively. Pursuant to the Court's judgment, these sanction awards are payable by Mr. Levy and his law firm, Scott D. Levy & Associates P.C.

Appellant's emergency motion to stay the judgment entered against him and his firm should be denied for three independent reasons. *First*, Appellant has ignored this Court's direction to first seek relief in the District Court, and he has utterly failed to make the requisite showing that "moving first in the district court would be impracticable." Fed. R. App. P. 8(a)(2)(A)(1). *Second*, on the merits of his request for emergency relief, Appellant has failed to meet his burden of establishing that the relief he seeks must be granted on an emergency basis. *Third*, and finally, even if Appellant could meet that burden, this Court should not grant Appellant's request for a stay unless Appellant is required to post a bond or provide alternate security to

1

ensure that his assets are not dissipated during the pendency of the stay. For each of these reasons, Appellant's emergency motion should be denied.

## PROCEDURAL HISTORY

On March 18, 2013, the District Court granted Appellees' motions to dismiss for lack of subject matter jurisdiction under the FCA's public disclosure bar. (*See U.S. ex. rel. Lee v. Corinthian Colleges, Inc., et al.*, 07-cv-1984-PSG-MAN ("D. Ct. Dkt.") #224.) On April 12, 2013, the District Court entered a judgment dismissing this action with prejudice. (D. Ct. Dkt. #230.) On April 25, 2013, Relators filed a notice of appeal of the District Court's order dismissing their claims. (D. Ct. Dkt. #250; *see* Appeal No. 13-55700.)

On April 18, 2013, the School and EY filed motions seeking attorneys' fees and sanctions against Relators' counsel, Scott D. Levy, and his law firm, Scott D. Levy & Associates P.C. (*See* D. Ct. Dkt. ##232-237; 244-247.)

On May 22, 2013, while Appellees' sanctions motions were pending, Relators filed a petition for writ of mandamus seeking a stay of Appellees' motions for sanctions pending resolution of Relators' appeal regarding the merits of the District Court's dismissal order. (*See* Appeal No. 13-71796.)

On June 6, 2013, the District Court granted Appellees' motions for attorneys' fees and sanctions. (D. Ct. Dkt. #275.) On June 17, 2013, the District Court entered an amended judgment reflecting the award of fees and sanctions. (D. Ct. Dkt. #277.)

On June 24, 2013, Relators filed a supplemental petition for writ of mandamus seeking a stay of the District Court's order granting sanctions against Mr. Levy and

2

his law firm. (Appeal No. 13-71796, Dkt. #2-1.) On that same day, Relators also filed a notice of appeal of the District Court's order awarding sanctions to Appellees. (D. Ct. Dkt. #278; *see also* Appeal No. 13-56121.)

On July 1, 2013, the 14-day automatic stay period following the sanctions order expired. *See* Fed. R. Civ. P. 62(a). Neither Mr. Levy nor his law firm posted a bond or took any other steps to seek a permanent stay (pending appeal) prior to expiration of the 14-day automatic stay.

On July 2, 2013, the School served and filed with the clerk of the Central District a Writ of Execution and Affidavit and Request for Issuance of Writ of Execution. (D. Ct. Dkt. #280.) EY served and filed the same documents on the same day. (D. Ct. Dkt. #281.)

On July 9, 2013, in Appeal No. 13-71796, this Court denied Relators' petition for writ of mandamus as moot because the District Court had already granted the motion for attorneys' fees and sanctions. (Appeal No. 13-71796, Dkt. #3.) The Court also denied the supplemental petition seeking a stay of execution of the District Court's sanctions order and noted that "[s]uch a request may be properly brought in appeal No. 13-56121 once the request for a stay pending appeal has first been presented to the district court." (*Id.* at 2 (emphasis added).)

On July 10, 2013, Mr. Levy substituted himself as Appellant in place of Relators Nyoka Lee and Talala Mshuja in the appeal of the sanctions order. (Appeal No. 13-56121, Dkt. #4.) Mr. Levy did not substitute his co-judgment debtor, Scott D. Levy & Associates P.C., as an appellant.

On July 11, 2013, the Central District Clerk entered the School's writ of execution as to judgment debtors Scott D. Levy and Scott D. Levy & Associates P.C. (D. Ct. Dkt. 284.)[1]

On July 12, 2013, without first seeking a stay in the District Court, Appellant filed the instant motion seeking an emergency stay from this Court.

## ARGUMENT
### I. IT IS NOT IMPRACTICABLE FOR APPELLANT TO FIRST SEEK A STAY IN THE DISTRICT COURT.

Federal Rule of Appellate Procedure 8 provides that a party "must ordinarily move first in the district court" for a stay of a judgment pending appeal. Consistent with FRAP 8, this Court previously directed Appellant to first seek a stay in the District Court. Specifically, in denying Relators' supplemental petition for writ of mandamus, the Court noted that "[s]uch a request may be properly brought in appeal No. 13-56121 once the request for a stay pending appeal has first been presented to the district court." (*See* Order at 2, dated July 9, 2013, Appeal No. 13-71796 (Kozinski, C.J., Canby and Tallman, Circuit Judges) (Dkt. #3).) However, rather than following the Court's direction, Appellant moved for a stay in this Court in the first instance, arguing that it would be "impracticable" to seek a stay in the District Court. But Appellant has not satisfied his burden to show that moving first in the District Court would be impracticable, and in fact he cannot do so.

---

[1] The District Court clerk has not yet entered the writ of execution filed by EY.

4

Appellant's sole purported justification for not first requesting a stay from the District Court is that "[t]he district court has no legal authority to stay execution of a judgment pending appeal without requiring the judgment debtor to post an adequate bond." (Appellant's Mot. at 8.) Appellant is wrong. Not only do district courts have broad discretion in setting the amount of supersedeas bonds, s*ee Rachel v. Banana Republic, Inc.*, 831 F.3d 1503, 1505 n.1 (9th Cir. 1987), they have "discretion to stay execution of judgment pending appeal without requiring a bond." *American Color Graphics, Inc. v. Travelers Property Cas. Ins. Co.*, No. C 04-3518, 2007 WL 1520952, at *1 (N.D. Cal. 2007) (citations omitted). *See also Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796 (9th Cir. 1989) ("[T]he district court has broad discretionary power to waive the bond requirement if it sees fit."), *vacated on reh'g on other grounds*, 929 F.2d 1358 (9th Cir. 1990) (en banc). Appellant has either overlooked or ignored entirely this controlling precedent that provides the District Court discretion to consider the very relief that Appellant prematurely seeks in this Court on an emergency basis.[2]

Appellant's reliance on *Peacock v. Thomas*, 516 U.S. 349, 349 (1996), does not change this result. Appellant relies on a single footnote in the opinion, taken out of context, that in no way supports his position. (Appellant's Mot. at 7 (citing *Peacock*, 516 U.S. at 359 n.8).) In *Peacock*, the Supreme Court considered the scope of the

---

[2] Appellees expressly reserve their right to argue that the District Court should not exercise such discretion should Appellant seek a stay from the District Court.

5

federal courts' ancillary jurisdiction in actions seeking to impose liability for a money judgment on a person not otherwise liable for the judgment. 516 U.S. at 351. The *Peacock* Court did not hold, nor did it even consider, whether a district court has discretion to adjust or waive a supersedeas bond; it merely noted, in the context of discussing how the Federal Rules of Civil Procedure are *designed to protect judgment creditors*, that the district court may stay execution only if it "provides for the security of the judgment creditor." *Id.* at 359 n.8. Nothing in *Peacock* alters the discretion a district court has to adjust or even waive the bond requirement under the proper circumstances if the judgment debtor makes a sufficient showing.

Appellant's assertion that it would be "impracticable" to first seek a stay in the District Court is thus unfounded, and Appellant should be required to follow this Court's earlier order and seek relief in the District Court under Federal Rule of Civil Procedure 62(d).

## II. APPELLANT IS NOT ENTITLED TO EMERGENCY RELIEF.

Appellant's motion also fails because he has not met this Court's legal standard for emergency relief. In seeking the drastic remedy of emergency relief, Appellant must (1) certify "that to avoid irreparable harm relief is needed in less than 21 days," (2) submit "facts showing the existence and nature of the claimed emergency," and (3) "[i]f the relief sought in the motion was available in the district court . . . the motion shall state whether all grounds advanced in support thereof in this Court were submitted to the district court . . . and, if not, why the motion should not be remanded

6

or denied." Circuit Rule 27-3(a)(3)–(4). Appellant's motion does not come close to meeting these requirements for emergency relief.

Appellant claims in his Rule 27-3 Certificate that he and his firm "will be forced into bankruptcy proceedings if the Court does not immediately order a stay of execution on the $1.5 million judgment, and will be irreparably harmed." (Appellant's Certificate at 4.) In support of this conclusory statement, Appellant has, at most, *offered* to submit "facts showing the existence and nature of the claimed emergency"; he has not actually *made* the requisite factual showing. (*See* Declaration of Scott D. Levy In Support of Emergency Motion, dated July 11, 2013 ("Levy Decl."), ¶ 6 (*offering* to submit tax returns and statements of assets *in camera*).) Until Appellant makes such a factual showing, no court, be it this Court or the District Court, can evaluate Appellant's financial condition, let alone whether Appellant and his law firm "will be forced into bankruptcy proceedings if the Court does not immediately order a stay." Finally, as previously stated, the relief Appellant now seeks "was available in the district court" yet Appellant chose not to seek such relief from the district court and his emergency motion fails to justify why Appellant's emergency "motion should not be remanded or denied." *See* Circuit Rule 27-3(a)(4). As a result, Appellant has not shown that emergency relief is warranted in this matter.[3]

---

[3] Rather than adequately support his claim that emergency relief is needed to avoid irreparable harm, Appellant attempts to litigate the merits of his appeal. (*See* Appellant's Mot. at 9-10.) At the appropriate time, Appellees will address Appellant's arguments on the merits.

### III. THE COURT SHOULD NOT GRANT A STAY WITHOUT REQUIRING APPELLANT TO POST A BOND OR OTHER ALTERNATE SECURITY.

If the Court is nonetheless inclined to grant a stay then it should also require Appellant to post some security with the District Court. Under FRAP 8(a)(2)(E), the Ninth Circuit may "condition" a stay on a "party's filing a bond or other appropriate security in the district court." *Id.*; *see also* Fed. R. Civ. P. 62(g)(2) (noting appellate court has power "to issue an order to preserve the status quo or the effectiveness of the judgment to be entered"). Appellant should not be allowed to use a stay to move, conceal, or spend whatever assets he and his law firm do have. If Appellant cannot bond the entire amount of the judgment, he should at least bond what he can afford, and the Court should impose additional requirements on Appellant to protect his assets during the appeal. *Federal Prescription Serv., Inc. v. Am. Pharm Ass'n*, 636 F.2d 755, 759-61 (D.C. Cir. 1980) (citing cases requiring bonds in amounts less than the rendered judgment, and imposing other requirements on judgment debtors to protect the interests of judgment creditors). Again, however, these are matters that the District Court not only has discretion to decide, but is properly positioned to decide as the court of first instance. *See* Fed. R. Civ. P. 62(d); *Rachel*, 831 F.2d at 1505 n.1.

## CONCLUSION

For each of the reasons stated above, Appellant's emergency motion for a stay of execution of judgment should be denied.

Dated:  July 16, 2013                    MORRISON & FOERSTER LLP

                                          By:  */s/ Robert B. Hubbell*
                                               Robert B. Hubbell

                                               *Attorneys for Defendant-Appellee*
                                               *Ernst & Young LLP*


Dated:  July 16, 2013                    MUNGER, TOLLES & OLSON LLP

                                          By:  */s/ Blanca F. Young*
                                               Blanca F. Young
                                               Achyut J. Phadke

                                               *Attorneys for Defendants-Appellees*
                                               *Corinthian Colleges, Inc., David*
                                               *Moore, and Jack D. Massimino*


## ATTESTATION OF FILER

I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.  *See* Circuit Rule 25-5(f).

Dated:   July 16, 2013                    By:   */s/ Robert B. Hubbell*
                                                Robert B. Hubbell

9

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated:  July 16, 2013

                                              */s/ Robert B. Hubbell*
                                              Robert B. Hubbell

                                              Attorney for Defendant-Appellee
                                              Ernst & Young LLP